## LIABILITY OF ENDORSER OF THE LAST OF A SERIES OF NOTES SECURED BY MORTGAGE.

Circuit Court of Medina County.

THOMAS FERRIMAN v. THE SAVINGS DEPOSIT BANK.

Decided, May 23, 1911.

*Endorser of Last of Series of Notes Secured by Mortgage—Agreement to Release Endorser—Stipulation in Mortgage as to All Notes Becoming Due, Not Binding on Endorser—Effect of Judgment in Foreclosure Case.*

1. One who has endorsed the last of a series of notes secured by mortgage upon an agreement that he is to be released from his endorsement upon the payment of the first note of the series by the maker, his heirs or assigns, is not entitled to such relief upon payment of the first note out of the proceeds of sale of the mortgaged land upon foreclosure.

2. To charge an endorser of the last of a series of notes secured by mortgage, it is to be deemed due according to its terms, irrespective of an agreement in the mortgage that all should become due upon failure to pay one; hence an adjudication in a foreclosure of said mortgage, brought against the maker and endorser of the notes before the endorsed note is due is not a bar to another action against the endorser after said note becomes due.

*Lee Elliott* and *J. W. Seymour*, for plaintiff in error.
*Frank Spellman*, contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation opposite to that in which they stood below. The action then was one brought by the bank against Ferriman on his guaranty and endorsement of two notes.

In the common pleas court, a jury was waived and this cause submitted to the court (Hon. George Hayden, Judge) upon the petition, answer, reply and an agreed statement of facts, as appears by the bill of exceptions.

The court (sitting as a jury) found for the plaintiff, the Savings Deposit Bank Company, and rendered judgment against the defendant, Thomas Ferriman.

The plaintiff, in its petition, alleged the execution and delivery of the notes to the defendant Ferriman by Aubles; the transfer, guaranty and indorsment of same to the said bank; the demand a payment from said Aubles at the maturity of said notes; the failure of said Aubles to pay said notes at maturity; due notice of such failure to pay, given to Ferriman; demand of payment from Ferriman and his refusal to pay. All of these allegations were admitted to be true by the defendant, under the agreed statement of facts.

But Ferriman as a first defense alleged that these two notes were a part of a series of seven notes, six of $500 each and one of $200, given by said Aubles to said Ferriman and by him transferred to the bank; that at the time of said transfer the bank agreed to release Ferriman from his guaranty, upon the payment of the first $500 note of said series, by *said Aubles, their heirs or assigns;* that to secure the payment of said series of notes, a mortgage on real estate had been given by said Aubles to said Ferriman, and by him transferred to said bank; that said mortgage had been foreclosed and said first $500 note paid out of the proceeds of the sale of said mortgaged premises.

It is manifest that this payment was not one made "by said Aubles, their heirs or assigns" within either the letter or the intent of the guaranty's terms.

The answer of Thomas Ferriman, plaintiff in error in the court below, set up as a second defense a determination of a prior cause in the same court, for the foreclosure of a mortgage, to which the mortgagors, John Auble, Harriet Auble and Thomas Ferriman were defendants, in which the notes on which this action was brought with other notes of the name series, were set out in separate causes of action, and in an additional cause of action the mortgage securing the series of notes was set out, and also a guaranty of $500 of the last notes of the series, being the same notes as the last notes of the series, upon which judgment is asked in this action. The amount claimed and the time for which interest is claimed was also set out, and in the final entry a finding was made of the amount due on the entire series of notes and the mortgaged premises were ordered sold and the proceeds applied on the amount found due and execution award-

ed for the balance. No mention was made of the defendant Thomas Ferriman on the final determination of that case, but the finding as to the amount due was only as to the defendant, John Auble, the summons in the action, which was served on all the defendants, including the plaintiff in error, advises them of the amount remaining unpaid, and date from which interest was claimed.

It is contended that this was a final determination of the rights of the parties in the foregoing action, and constitutes a judgment under the definition given in the General Code, Section 11528. As a judgment it is conclusive between the parties not only as to what was actually determined, but also as to every question that might have been litigated under the pleadings.

Not only was no finding made in the foreclosure case of anything due from Ferriman, but nothing could then have been found due from him. On the exercise by the plaintiff of the right given it by the mortgage to elect that, on default of any payment, the entire series of notes should become due, the result was to mature the entire debt for foreclosure purposes only. The finding of the amount thus deemed due from the mortgagor was likewise incident to the foreclosure, it being requisite to enable proper distribution to be made of the proceeds of sale. No such finding as against Ferriman was either requisite or proper. He could have no share of such proceeds. The last two notes, on which he was indorser or guarantor, had not matured as to him. It is expressly held in *McClelland* v. *Bishop*, 42 O. S., 113, that "to charge indorsers, such notes are to be deemed due according to their terms, irrespective of such stipulation in the mortgage."

Since neither of Ferriman's defenses is meritorious, the judgment must be and it is affirmed.